## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEPHEN SAUNDERS,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-161**          (JCN: 2023003441)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Stephen Saunders appeals the March 23, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") filed a timely response.[1] Mr. Saunders did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied compensability for the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On July 19, 2022, while employed as a coal miner for ACNR, Mr. Saunders alleges that he injured his upper, middle, and lower back when he tripped over a spool of wire. Mr. Saunders reported that he fell, with his head, neck, and upper back hitting the ground. He continued working, although he reported that his entire back hurt for the remainder of the day. Mr. Saunders had previously suffered and received treatment for an injury to his lower back and his hip.

Mr. Saunders was seen on July 19, 2022, at Family Medicine, for a wellness exam. He reported that his hip pain was causing him difficulty walking. A bilateral hip x-ray performed on July 20, 2022, revealed that Mr. Saunders had severe bilateral hip narrowing and degenerative changes. On August 1, 2022, Mr. Saunders returned to Family Medicine

---

[1] Mr. Saunders is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

and reported that he had fallen at work and reinjured his hip, but that it was starting to improve with rest.

On August 15, 2022, Mr. Saunders was seen at the WVU Medicine Wheeling Hospital Emergency Department. He reported that he was experiencing upper back and neck pain following a fall that occurred "around July 18." Mr. Saunders explained that he had been receiving pain treatment for his lower back and hip issues and the pain medication had been helping relieve his upper back and neck pain. Gail Nickerson, FNP, diagnosed Mr. Saunders with neck and back pain. Mr. Saunders reported his injury on August 15, 2022, and he continued to work until he was taken off work on August 19, 2022.

On August 19, 2022, Mr. Saunders was seen by Ross Tennant, NP-C at Corporate Health, ACNR's preferred provider. Mr. Saunders reported that he attempted to continue working without seeking treatment, but his symptoms had started to progress. Mr. Tennant diagnosed Mr. Saunders with cervical strain and thoracic myofascial strain and determined that Mr. Saunders was unable to work due to his injury.

The claim administrator issued an order dated September 2, 2022, rejecting this claim. Mr. Saunders was deposed on November 2, 2022. Mr. Saunders testified that he fell backward over a spool of wire outside of the "dinner hole," and that his injury was witnessed by several coworkers and a section boss. He alleged that he completed an accident report the next day at work detailing his injury. Mr. Saunders further testified that he continued to work after his injury hoping that it would resolve without treatment, but he sought treatment after the pain became too much. Mr. Saunders stated his entire back hurt after his 2019 injury to his lower back.

On March 23, 2023, the Board issued an order affirming the claim administrator's order which denied compensability of this claim. The Board found that Mr. Saunders had not established that he sustained a new and discrete workplace injury. Mr. Saunders now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

2

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Saunders argues that his neck and upper back had been asymptomatic prior to his workplace injury, and therefore, the Board was clearly wrong in determining that the presumption set forth in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), had been rebutted with evidence of a prior injury to his lower back and hip. We agree.

In *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), the Supreme Court of Appeals of West Virginia held:

"[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discrete new injury, that new injury may be found compensable."

*Id*. at 738, 783 S.E.2d at 858, syl. pt. 3.

In *Moore*, the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at __, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board found that Mr. Saunders failed to establish by a preponderance of the evidence that he suffered a discrete, new injury to the cervical and thoracic regions of his neck and back on July 19, 2022. The Board found that the presumption set forth in *Moore* had been rebutted by the evidence indicating that Mr. Saunders had suffered a previous injury to his lower back and had been receiving treatment for preexisting hip pain around the time of the injury. The Board also noted inconsistencies in Mr. Saunders' report of injury and his medical records, which it determined did not credibly support Mr. Saunders' assertion that he suffered an injury to his neck.

Upon review, we conclude that the Board was clearly wrong in finding that the presumption set forth in *Moore* had been rebutted. We find that a preexisting injury to the

3

lumbar region of the back and the hip does not rebut the presumption set forth in *Moore* in regard to an injury to the cervical and thoracic regions of the neck and back. The Board noted degenerative changes to Mr. Saunders' cervical and thoracic back were revealed in radiographs, however, there is no indication that Mr. Saunders received treatment for those issues prior to his July 2022 injury. Further, we find no evidence suggesting that Mr. Saunders suffered any previous injury to the cervical or thoracic regions of his back. The Board did note some minor inconsistencies in Mr. Saunders' report of injury and medical records and the Board may need to reconsider those in light of this decision to determine if they alone are a sufficient basis to affirm the rejection of this claim.

Accordingly, we reverse and remand the Board's March 23, 2023, order for further proceedings consistent with this decision.

Reversed and remanded.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4